## WHITMAN v. CEARLEY.
### No. 12453.

Court of Civil Appeals of Texas. Galveston.
Oct. 9, 1952.

Rehearing Denied Oct. 30, 1952.

Carl C. Patrick, Pasadena, for appellant.

Byron G. McCollough, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, George Walker Cearley, seeking to enforce payment of rentals alleged to be due him under a written lease of certain property in Pasadena, Texas. The lease was for a period of two years and was payable in monthly installments of $150 each.

In a trial before the court without a jury, judgment was rendered in favor of appellee in the sum of $2,823.75. The court, in the judgment rendered, held that appellee was entitled to recover from appellant all rentals for the entire term of the written lease with interest.

The trial court prepared and caused to be filed original and amended findings of fact and conclusions of law. He found that appellant had paid the rental provided for in the lease for a period of four months and had defaulted in the payment of subsequent rentals. The court found that on October 16, 1950, appellee had caused a letter to be written to appellant advising him that unless the full amount of the rentals then due appellee was paid within two weeks from the date of the letter, ap-

pellant's lease would be cancelled by appellee and appropriate legal proceedings would be immediately instituted.

Appellant contends under his two points of error that the court erred in holding that the abandonment of the leasehold estate by appellant followed by a written notice from appellee's attorney, effected a forfeiture of said lease by operation of law.

In the case of Collier v. Wages, Tex.Civ. App., 246 S.W. 743, the facts are similar in practically all respects to those in the case at bar. In that case there had been an abandonment of leasehold estate by the lessee. The court held that where a portion of a building was leased under a written contract stipulating that lessee agreed to pay his rental at a fixed sum in monthly installments and that in default of any such payment the lessor could reenter and repossess the premises and declare the lease void, warranted the conclusion that plaintiffs should be held to have elected to rescind the contract and terminate any liability on the part of the defendant for rentals thereafter.

In the instant case the wording of the letter of October 16, 1950, from lessor to appellant seems to us to be a clear and unequivocal statement of appellee's intention to cancel and terminate the lease contract unless the full amount of the rental was paid to appellee within two weeks. An excerpt from the letter to appellant reads:

"We are further instructed to advise you that unless the full amount of this delinquency in the sum of $450.00 is paid to Mr. Cearley within two weeks from the date of this letter, your lease will be cancelled and such legal proceedings as may be appropriate immediately instituted."

The rental referred to in the letter was not paid and the quoted portion of the letter seems to leave no doubt but that cancellation was automatically effected at the expiration of the two weeks specified in the letter and that no further action would be necessary or appropriate on the part of the lessor to terminate the lease.

In the recent case of Dearborn Stove Company v. Caples, Tex.Sup., 236 S.W.2d

486, 489, it was held by the Supreme Court of this State that "A surrender by operation of law may be effected through the abandonment of the premises by the tenant and re-entry by the landlord."

It is not clear from the record in this case the exact amount of the rentals due on the date the lease was cancelled. In these circumstances, we must reverse the judgment of the court below and remand the cause for further proceedings to allow the court below to determine the amount of rentals due lessor at the time of cancellation of the lease, and after such determination, that judgment then be entered by the court below in favor of the lessor for only that amount.

Reversed and remanded.