blackman.doc 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-96-00599-CV








Elizabeth Blackman, Appellant




v.




Jan J. Elliot, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, 


NO. 231,555, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING








 Jan J. Elliot sued Elizabeth Blackman for forcible detainer arising from a lease of one side
of Elliot's duplex. Blackman appeals the trial court's judgment awarding Elliot immediate possession of the
premises, rent due, late charges, and attorney's fees. We will affirm the judgment.



FACTS


 Blackman and her roommate, Dulcey Malek, entered into a residential lease of one side
of Elliot's duplex for a term of one year beginning March 1, 1996. Elliott occupied the other side of the
duplex. The lease provided that each tenant was "jointly and severally liable for each provision of this
lease" and that the rent was due "on or before the first of each month." Blackman and Malek agreed
between themselves to each contribute half of the monthly rent. They paid the rent for the first three
months. Malek moved out of the duplex sometime during May. On June 5, Blackman paid Elliot only half
of the June rent. The same day, Elliot responded by leaving a note on the stove inside Blackman's duplex
that read:



This is to let you know that you are not in compliance with your lease. . . . If the full
amount of the June rent is not paid by Monday, June 10, 1996, I will terminate the lease
and start eviction proceedings.



Blackman found the note and went next door to discuss the note with Elliot, at which time Elliot apparently
agreed to extend the payment deadline. Elliot says she extended the deadline until June 20, and Blackman
claims Elliot extended it until June 28. Later, on two separate occasions, Blackman became angry and
kicked a hole in Elliot's door and broke a window. Blackman does not contend that the oral agreement
in any way changed the effect of the written notice delivered on June 5 demanding payment by June 10. 
Therefore, under the terms of the written notice, Elliot was not obligated to wait beyond the June 10
deadline to sue for possession. Blackman had not paid the amount due by that date, and Elliot filed this
forcible detainer action on June 21.



DISCUSSION


 In three points of error, Blackman contends that (1) Elliot's note did not demand possession
of the premises; (2) the manner of delivering the notice failed to comply with the statutory requirements;
and (3) the trial court should have awarded attorney's fees to Blackman instead of Elliot. See Tex. Prop.
Code Ann. §§ 24.002(b); 24.005 (West Supp. 1997). The Property Code requires that a demand for
possession be made in writing and "comply with the requirements of a notice to vacate under Section
24.005." Id. § 24.002(b). Section 24.005 requires that a notice to vacate be personally delivered to the
premises, mailed by regular or certified mail, or affixed to the back of the front door. Id. § 24.005(f).

 Blackman did not request findings of fact and conclusions of law; therefore, we must
presume that the trial court made all findings necessary to support its judgment. See Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). In reviewing the sufficiency of the evidence, we consider
only the evidence and inferences supporting the implied findings and disregard all evidence and inferences
to the contrary. See id. at 84.

 The evidence supports the conclusion that Elliot made a demand for possession. 
Blackman's actions indicate that she understood immediately the significance of Elliot's note. After reading
the note, she went directly to Elliot to ask for more time to pay the rent. Elliot's written warning that she
would start eviction proceedings unless the rent was paid by June 10 was a clear and unequivocal statement
of her intention to take possession of the premises unless Blackman paid the amount due. See Whitman
v. Cearley, 251 S.W.2d 960, 961 (Tex. Civ. App.--Galveston 1952, writ ref'd n.r.e.). A demand for
possession need not include magic phrases like "notice to vacate" or "demand for possession" to
communicate sufficiently the lessor's intention to terminate the lease. We hold that the language of the note
sufficiently communicated such a demand.

 Blackman further contends that because Elliot left the note on the stove rather than affixed
to the back of the front door, the manner of notice did not comply with the Property Code. We disagree. 
The evidence supports the trial court's implied finding that Elliot's delivery of the note substantially complied
with the requirements of a notice to vacate. The purpose of the statute is to ensure that the lessee receive
notice that the landlord intends to terminate the lease and possibly take legal action. Elliot's delivery of the
note achieved that end. Blackman does not dispute the fact that she actually received the notice to vacate
and understood its import. Further, Elliot complied with the express language of the lease, which provides
that "[n]otice of termination may be . . . left in a conspicuous place inside the Property." The trial court
properly concluded that the manner of delivery of the notice was sufficient.

 Because we find no merit in Blackman's contentions respecting the demand for possession
or its manner of delivery, we also reject her argument as to attorney's fees. The lease provided for the
recovery of attorney's fees by the "prevailing party" in any legal proceeding. Here, Elliot was the prevailing
party because the trial court awarded her possession, the balance of the rent, and late fees. See West
Anderson Plaza v. Feyznia, 876 S.W.2d 528, 536-37 (Tex. App.--Austin 1994, no writ). We overrule
Blackman's three points of error.

 Elliot contends that the appeal was brought for delay and without sufficient cause, and
requests us to award her attorney's fees. See Tex. R. App. P. 84. We do not find this to be such an
appeal and deny the request.



CONCLUSION


 Finding no error, we affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 13, 1997

Do Not Publish



Blackman contends that (1) Elliot's note did not demand possession
of the premises; (2) the manner of delivering the notice failed to comply with the statutory requirements;
and (3) the trial court should have awarded attorney's fees to Blackman instead of Elliot. See Tex. Prop.
Code Ann. §§ 24.002(b); 24.005 (West Supp. 1997). The Property Code requires that a demand for
possession be made in writing and "comply with the requirements of a notice to vacate under Section
24.005." Id. § 24.002(b). Section 24